UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS REED, JR., <br><br>　　　　　　　　　　Plaintiff, <br><br>　　　-against- <br><br> PFIZER, INC., <br><br>　　　　　　　　　　Defendant. | 22-CV-8578 (VSB) <br><br> ORDER OF SERVICE |

VERNON S. BRODERICK, United States District Judge:

　　　　Plaintiff, who is appearing *pro se*, brings this action under the Court's diversity of citizenship jurisdiction, alleging damages from the use of Lipitor (also known as Atorvastatin Calcium), a pharmaceutical developed, manufactured, marketed, and sold by Defendant Pfizer. By order dated May 9, 2022, Judge Kiyo A. Matsumoto of the United States District Court for the Eastern District of New York granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF 4.)

## DISCUSSION

**A.　　Service on Defendant Pfizer**

　　　　Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the amended complaint until the Court reviewed the amended complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Pfizer through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Pfizer. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Pfizer.

If the amended complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Termination of Dr. Lanham as a Party**

Plaintiff initially filed this action against Pfizer and Dr. Jonathan A. Lanham. However, in the September 28, 2022, order, Judge Matsumoto specifically determined that because including Dr. Lanham as a defendant defeats diversity of citizenship jurisdiction, she is construing Plaintiff's claims only against Pfizer, despite a passing reference to Dr. Lanham as a defendant in the amended complaint. (ECF 6, n.1.) Despite Judge Matsumoto's ruling, however, Dr. Lanham is still listed on the docket as a defendant in this action. Because Dr. Lanham is no longer a defendant in this action, the Clerk of Court is directed to terminate Dr. Lanham as a party to this action on the court's docket.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Pfizer, complete the USM-285 forms with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Because Dr. Jonathan A. Lanham is no longer a defendant in this action, the Clerk of Court is also directed to terminate Dr. Lanham as a party to this action on the court's docket.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   10/14/2022
         New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1.     Pfizer, Inc.
       235 E. 42nd St.
       New York, NY 10017